IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALBERT HALL,

    Petitioner,

v.                                             CASE NO. 1:13-cv-66-RV-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 14, Respondent's Motion to Dismiss Habeas Petition As Successive. Petitioner failed to file a response and therefore the Court issued an order to show cause directing Petitioner to show cause why the petition should not be dismissed as successive. Doc. 19. Petitioner filed a response to the Order to Show Cause, Doc. 20, which the Court will consider Petitioner's response to the motion to dismiss. For the reasons discussed below Respondent's Motion to Dismiss is due to be granted because Respondent's petition is successive. Further, Petitioner's reliance upon *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) does not offer any exception to the bar on successive petitions.

### Background

Petitioner challenges his state court conviction in the Eighth Judicial Circuit in and for Alachua County, Florida for sexual battery on a person under the age of 12 years. Petitioner was sentenced to life imprisonment on January 24, 1996. Although Petitioner never disclosed in his § 2254 Petition that he had filed a § 2254 Petition

fifteen years ago, Petitioner previously sought habeas corpus relief from the same conviction pursuant to 28 U.S.C. § 2254. *Hall v. Moore,* no. 4:99-cv-00306-RH/WCS (N.D. Fla. Aug. 10, 1999).  In the previous habeas petition Petitioner raised four claims of ineffective assistance of counsel. Judge Sherrill recommended denying with prejudice Petitioner's § 2254 Petition after addressing and rejecting on the merits each of Petitioner's claims of ineffective assistance of counsel. *Hall v. Moore,* no. 4:99-cv-00306-RH/WCS, Doc. 8.  On April 9, 2001 Judge Hinkle accepted and adopted the report and recommendation and denied the Petition. *Id.,* Doc. 10.  On August 1, 2001 Judge Hinkle denied Petitioner's motion for extension of time to file a certificate of appealability because the motion was filed too late and because on the merits Petitioner failed to show any grounds for the issuance of a certificate of appealability. *Id.*, Doc. 16. Five years later Petitioner filed another motion for a certificate of appealability, which Judge Hinkle again denied because the request was untimely and because the request was unfounded on the merits. *Id.* Doc. 19.[1]  Thus, this is Petitioner's second habeas corpus petition seeking relief from his 1996 conviction.

## Discussion

In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts.  Absent authorization, the district court lacks jurisdiction to

---

[1] Petitioner also filed a request for a certificate of appealability before the Eleventh Circuit, which the Eleventh Circuit denied in January 2006. *See Hall v Moore,* case no. 05-15164-D (11th Cir. 2006).

*Case No: 1:13-cv-0066-RV-GRJ*

consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claim.

Petitioner relies on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) as justification for filing a second or successive habeas petition. *Martinez* provides no reason to justify filing a successive habeas petition raising issues that were addressed and rejected in the prior habeas petition. In *Martinez,* the Supreme Court addressed issues of exhaustion and procedural default in holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1321. *Martinez* did not address the AEDPA one-year limitations period,[2] equitable tolling or excusing the prohibition on filing successive petitions. *Martinez* clearly did not set forth a new constitutional right retroactively applicable and therefore nothing in *Martinez* provides a basis to excuse Petitioner from obtaining permission to file a successive habeas petition. *See, e.g., Chavez v. Secretary, Florida Dept. of Corrections,* 742 F.3d 940, 946 (11th Cir. 2014)

---

[2] *See James v. Secretary, Dept. of Corrections,* 2012 WL 2885938 (M.D. Fla. 2012) (finding *Martinez* inapplicable in analyzing timeliness of habeas petition); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) ("the rule of *Martinez*, while new, is not a rule of constitutional law); *Adams v. Thaler,* 679 F.3d 312 (5th Cir. 2012) (holding that "the Court's decision [in *Martinez*] was an 'equitable ruling' that did not establish 'a new rule of constitutional law.'"); *Saunders v. Lamas*, 2013 WL 943351, at *3 (E.D. Pa. 2013)

(quoting *Buenrostro v. U.S.,* 697 F. 3d 1137, 1139 (9th Cir. 2012): "*Martinez* cannot form the basis for an application for a second or successive [habeas proceeding] because it did not announce a new rule of constitutional law.').

Lastly, although Petitioner does not mention Rule 60(b) as a basis for bringing his claims, because the Respondent discusses Rule 60(b) the court will address the issue briefly.

Rule 60(b) motions cannot be used to evade the second or successive petition bar by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits. *Gonzalez v Crosby*, 545 U.S. 524, 531 (2005). Thus, when a Rule 60(b) motion, as here, seeks to raise a claim already adjudicated on the merits or seeks to raise a new ground for habeas relief, the district court lacks jurisdiction to consider the motion without approval from the appropriate court of appeals. *Howell v Crews*, no. 4:04-cv-299MCR, 2013 WL 672583, *3 (N.D. Fla. Feb. 23, 2013) *aff'd.* 730 F. 3d 1257 (11th Cir. 2013). Because Petitioner here merely seeks to challenge again this Court's rejection of his ineffective assistance of counsel claims in the first petition, even if the petition was construed as a motion under Rule 60(b) Petitioner's claims would be subject to the bar on filing second or successive petitions.

Further, Petitioner cannot rely upon *Martinez* to demonstrate an extraordinary circumstance under Rule 60(b)(6). A mere change in the law alone does not provide grounds for Rule 60(b)(6) relief. *Ramsay v Walker*, 304 F. Appx. 827, 829 (11th Cir. 2008). Moreover, a Rule 60(b) motion based upon a change in the substantive law governing the claim cannot be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez*, 545 U.S. at 531-32. Allowing a habeas petitioner to bring a Rule 60(b)(6) motion based upon a change in the law, without meeting the stringent requirements of 2244(b)(2)(A) "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within the exception to the successive-petition bar." *Id.* As discussed above, *Martinez* did not establish a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court and therefore under *Gonzalez* the petition is a successive petition over which the Court does not have jurisdiction unless the Petitioner obtains an order from the Eleventh Circuit authorizing this Court to consider the petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss Habeas Petition As Successive, Doc. 14, should be **GRANTED** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, should be **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida this 22nd day of May 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:13-cv-0066-RV-GRJ*